IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:09-CR-219-BO
NO. 5:11-CV-24-BO

| | |
|---|---|
| KEENAN CONYERS-PRICE )<br>         Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>         Respondent. ) | **ORDER** |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 [DE 29], filed on January 18. The United States responded with a Motion to Dismiss [DE 32] on March 3. In light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), this Court entered an Order on August 25, allowing the parties to update their Motions [DE 38]. Because the Petitioner's previous state court conviction was not "punishable by a term of imprisonment exceeding one year," Petitioner's 28 U.S.C. § 2255 Motion is ALLOWED, Petitioner's conviction and sentence on Count One is VACATED, and Petitioner shall be RESENTENCED accordingly.

BACKGROUND

On July 23, 2009, the Grand Jury issued a three-count indictment that charged Petitioner in Count One with possession of firearms after having been convicted of a felony offense, in violation of 18 U.S.C. §§ 922(g)(1) and 924 [DE 1]. Count Two charged Petitioner with

possession with intent to distribute a quantity of marijuana, in violation of 21 U.S.C. § 841(a)(1). *Id.* Count Three charged Petitioner with using and carrying firearms during and in relation to a drug trafficking crime and for possession of said firearms in furtherance of said drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). *Id.*

On October 20, 2009, Petitioner entered a guilty plea to Counts One and Three pursuant to the terms of a written plea agreement [DE 22, 23]. On October 20, 2010, the Court held a sentencing hearing and sentenced Petitioner to 30 months' imprisonment on Count One and a consecutive 60-month term of imprisonment on Count Three. The Court also sentenced Petitioner to three years of supervised release on Count One and five years of supervised release on Count Three, which the Court ordered Petitioner to serve concurrently [DE 26].

## DISCUSSION

In his Motion pursuant to 28 U.S.C. § 2255, Petitioner asserts that his prior conviction was not punishable by a term of imprisonment exceeding one year, and that his attorney's failure to argue that Petitioner was legally innocent of the felon in possession count (Count One) constitutes ineffective assistance of counsel [DE 1 at 4]. Petitioner's amended Motion asserts that his conviction and sentence in Count One must be vacated in light of the Fourth Circuit's decision in *Simmons*, 649 F.3d 237 [DE 39 at 9].

Petitioner's assertion that his counsel provided ineffective assistance does not provide a basis for vacating his conviction and sentence in Count One. *See United States v. McNamara*, 74 F.3d 514, 516-17 (4th Cir. 1996) (holding that an attorney's failure to anticipate a new rule of law is not constitutionally deficient). However, Petitioner's amended Motion is allowed and his conviction and sentence are vacated in light of *Simmons*. In *Simmons*, the Fourth Circuit addressed which North Carolina state convictions under the Structured Sentencing Act are felony

offenses, holding that the federal sentencing court looks to the "conviction itself" and, if the state sentencing court "never made the recidivist finding necessary" to expose the defendant to a higher sentence, the Government "cannot now rely on such a finding to 'set the maximum term of imprisonment.'" *Simmons*, 649 F.3d at 243 (citing *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577, 2587 n. 12 (2010)).

Here, the presentence report ("PSR") lists one prior conviction in ¶ 13 as the predicate conviction for Petitioner's felon in possession conviction. The judgment reflects that on January 8, 2008, Petitioner pleaded guilty to possession with intent to sell and deliver marijuana and maintaining a vehicle/dwelling/place to distribute a controlled substance. *State v. Conyers-Price*, No. 07CRS049822. The offenses were Class I offenses and his prior record level was II. *Id.* The judgment reflects that the sentencing judge made no written findings because the terms of imprisonment were within the presumptive range. *Id.* Under North Carolina Structured Sentencing, Petitioner was sentenced to a minimum of six months' imprisonment and a maximum of eight months' imprisonment [DE 40-1]. *See* N.C. Gen. Stat. § 15A-1340.17(c)-(d). Therefore, the conviction could not qualify as a prior felony conviction for the purposes of a federal felon in possession conviction.

In light of *Simmons*, Petitioner was sentenced in excess of the maximum sentence permitted by law because he was improperly convicted and sentenced to 30 months' imprisonment on Count One. Therefore, Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 must be granted.

## CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2255 Motion [DE 29] is ALLOWED, Petitioner's conviction and sentence on Count One is VACATED, and this matter will be SET FOR RESENTENCING by separate notice. The United States' Motion to Dismiss [DE 32] is DENIED as MOOT.

**IT IS SO ORDERED**, this the 13 day of October, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE